NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0302n.06

No. 18-5846

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 12, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| JERRY WAYNE MESSER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

Before: WHITE, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Jerry Messer violated his supervised-release conditions. He argues that the district court erred by sentencing him without first providing him with a copy of the magistrate judge's report and recommendation regarding his sentence. For the reasons stated below, we AFFIRM.

I.

Messer violated his supervised-release conditions by testing positive for methamphetamine. He admitted the violation in exchange for the government dismissing two other violations and recommending an eighteen-month term of imprisonment. At the supervised-release-revocation hearing, Messer asked the magistrate judge to recommend a term of supervision that did not extend past his original supervision expiration date and that he be placed at a correctional facility different from his last one. In a report and recommendation, the magistrate judge recommended that the district court sentence Messer to the agreed-upon term of

imprisonment and grant Messer's requests as to the term of supervised release and the place of imprisonment. The district court followed the magistrate's recommendation, sentencing Messer to eighteen months' imprisonment followed by a three-year term of supervised release, and requesting that Messer not be placed at his prior facility.

II.

Messer's sole claim on appeal is that the district court sentenced him without providing him an opportunity to review the magistrate's report and recommendation. The following colloquy occurred at the beginning of the sentencing hearing:

> THE COURT: Have you received a copy of the report and recommendation provided by the magistrate?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: You did not receive that?
>
> [DEFENSE COUNSEL]: Judge, I don't know if I actually went over the report in detail with him. We met and talked about the recommendation.
>
> THE COURT: All right. Well, you did not submit any objections to the report. Did you discuss with him the recommendation of the magistrate?
>
> [DEFENSE COUNSEL]: Yes. I mean, he's aware of what the recommendation is.

There was no further discussion of Messer's inability to review the magistrate's report and recommendation, and Messer did not object to his sentence when given the chance.

Because Messer did not bring his claim of error to the district court's attention, we review for plain error, which requires Messer to show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation and internal quotation marks omitted). Even if we were to assume error, Messer cannot show an effect on his substantial rights.

Messer's attorney reviewed the report and recommendation and discussed it with Messer. In exchange for the government's promise to recommend an eighteen-month sentence, Messer admitted to violating his supervised-release conditions. The magistrate recommended the very sentence Messer sought, and the district court sentenced him to the same. Having now had a chance to review the magistrate's report, Messer identifies no errors in it; nor does he explain what he would have said or done differently before the district court had he been given earlier access. Accordingly, Messer has not established that he was prejudiced and therefore has not shown that any error affected his substantial rights. *See United States v. Ataya*, 884 F.3d 318, 323 (6th Cir. 2018).

\* \* \*

We AFFIRM Messer's sentence.